Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 1670 | DATE | JUNE 13, 2001 |
| CASE TITLE | ANTHONY ANGELILLI, et al. v. BD. OF EDUCATION OF THE CITY OF CHICAGO | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The Board of Education of the City of Chicago is substituted for defendant Chicago School Reform Board of Trustees and the Clerk of the Court is directed to accordingly amend the docket. Plaintiffs' petition for attorney fees and costs [19] is granted in part and denied in part. The Clerk of the Court is directed to enter judgment in favor of plaintiffs and against defendant in the amount of $28,298.62 representing attorney fees and costs.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 15 2001 | |
| | Notified counsel by telephone. | | date docketed | 26 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 JUN 14 PM 5: 09 | June 13, 2001 | |
| CW | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mqm mailing initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANTHONY ANGELILLI, et al. )
)
        Plaintiffs, )
)
v. ) No. 00 C 1670
)
BOARD OF EDUCATION OF THE )
CITY OF CHICAGO, )
)
        Defendant. )

**DOCKETED**

**JUN 1 5 2001**

## **MEMORANDUM OPINION AND ORDER**

Plaintiffs brought this Fair Labor Standards Act ("FLSA") action to recover unpaid overtime from defendant Board of Education of the City of Chicago.[1] The 59 plaintiffs are all maintenance workers who worked a fluctuating schedule that had them working more than 40 hours per workweek for some weeks. Plaintiffs' original and amended complaint contained two counts. The allegations of the complaints did not clearly differentiate the two claims other than that Count I covered the time period after June 30, 1999 and Count II covered the time period from

---

[1]Defendant represents that the Chicago School Reform Board of Trustees was replaced by the Board of Education effective July 1, 1999. Pursuant to Fed. R. Civ. P. 25, the Board of Education is substituted in as defendant.



March 1997 until June 30, 1999. Defendant represents that Count I was based on working more than eight hours in a day and that Count II was based on working more than 40 hours in a week as part of the fluctuating work schedule. Plaintiffs, however, contend that Count I was also based on working more than 40 hours a week as part of the fluctuating work schedule. Plaintiffs indicate that defendant's computerized method of paying them changed on July 1, 1999, resulting in plaintiffs not receiving overtime pay that they were receiving during the earlier period covered by Count II. This lawsuit was filed on March 17, 2000. Effective October 5, 2000, Count II was voluntarily dismissed. On October 10, 2000, plaintiffs accepted defendant's offer of judgment as to the remaining count. The judgment was in the amount of $634,365.48, plus attorney fees and costs.

As required by Local Rule 54.3, the parties thereafter met in an attempt to resolve the issue of the amount of fees and costs. No resolution was reached and plaintiffs timely moved for attorney fees and costs. Plaintiffs request $28,413.75 in fees which is based on 41.63 hours of work by Stephen Feinberg, 21.00 hours by Patricia Collins, 2.75 hours by Robert Greenberg, 66.75 hours by Robert Greenfield, and 7.75 hours by student law clerks. Feinberg, Collins, and Greenberg bill at $250.00 per hour, Greenfield at $175.00 per hour, and the student law clerks at $50.00 per hour. Plaintiffs request costs in the amount of

$509.87.² Defendant apparently contends that the total of fees and costs should be $12,000.00.

Pursuant to Local Rule 54.3, prior to moving for attorney fees and related nontaxable expenses, the parties are to meet in an attempt to resolve the issue by agreement. As part of this procedure, the parties are to exchange certain information, if requested. See L.R. 54.3(d). If no agreement is reached, the parties are to prepare a joint statement specifically outlining each side's position as to the appropriate amount of fees. Id. 54.3(e). "The movant shall attach the joint statement to the fee motion. Unless otherwise allowed by the court, the motion and any supporting or opposing memoranda shall limit their argument and supporting evidentiary matter to disputed issues." Id. 54.3(f).

In the joint statement, defendant's entire statement of its position is as follows:

> 2. <u>Total amount of fees and expenses that Respondent deems should be awarded</u>.
>
> Respondent deems fees and expenses in the amount of $12,000 should be awarded to Plaintiffs.
>
> 3. <u>Remaining disputes</u>.
>
> Respondent contends that many of Petitioners' claimed fees and expenses are

---

²The initial motion requests $702.63. In their reply, plaintiffs concede that certain aspects of the original request included duplication due to a computer error.

> duplicative, excessive, vague and/or for
> unnecessary work.

In the joint statement, defendant does not specify how it calculated that $12,000.00 was an appropriate amount nor does it identify which of the claimed hours or fees are duplicative, excessive, vague, or unnecessary. Even in a conclusory form, the joint statement contains no objection to the hourly rate charged by any of plaintiffs' attorneys.

In response to plaintiffs' present motion, defendant provides a more detailed argument as to why the fee request should be reduced, though defendant still provides no specific calculation of the appropriate amount to be allowed, nor does it specifically repeat the $12,000.00 figure contained in the joint statement. Defendant contends plaintiffs failed to adequately segregate fees and costs related to Count II. Defendant contends that the use of multiple attorneys resulted in duplicative efforts and also objects to some specific billings. Defendant contends some of the attorneys billed too high in that the actual work done was not of the supervisory nature that would justify $250.00 per hour. Plaintiffs contend all these arguments should be ignored because not adequately set forth in the joint statement.

Local Rule 54.3(f) provides that arguments raised regarding attorney fees motions ordinarily should be limited to

those contained in the joint statement. The Rule, however, also provides that the court may allow additional issues to be raised. This court has discretion in interpreting and applying its local rules. Tenner v. Zurek, 168 F.3d 328, 331 (7th Cir. 1999). "Local Rule 54.3 'was promulgated to promote amicable resolution and lessen the burden on the court by defining the areas of actual disagreement between the parties to a fee petition dispute.'" Perez v. Z Frank Oldsmobile, Inc., 2000 WL 222632 *1 (N.D. Ill. Feb. 18, 2000), rev'd on other grounds, 223 F.3d 617 (7th Cir. 2000), cert. denied, 121 S. Ct. 1099 (2001) (quoting South/Southwest Association of Realtors, Inc. v. Village of Crestwood, 985 F. Supp. 833, 834 (N.D. Ill. 1997)). Although defendant did not adequately contribute to the joint statement, the present briefs of the parties adequately serve the purpose of setting forth the parties' disagreements.[3] Cf. Z Frank, 2000 WL 222632 at *1. The merits of defendant's present objections will be considered. Cf. id.; Hasham v. California State Board of Equalization, 1999 WL 59850 *2-4 (N.D. Ill. Feb. 1, 1999); Crestwood, 985 F. Supp. at 835-36.

Counsel for plaintiffs represented 59 individual plaintiffs[4] who recovered a total of $634,365.48. From this

---

[3]Defendant still should have been more specific in setting forth its calculation of an appropriate fee.

[4]In an FLSA action, each plaintiff has to affirmatively join in the lawsuit. See 29 U.S.C. § 216(b); Vanskike v. Peters,

court's experience, a fee request of only $28,413.75 is eminently reasonable in such a situation. Although the time records reflect that not much time was required for legal research, counsel had to meet with the plaintiffs and consider each plaintiffs' time records. The total number of hours expended on the case is well within reason. It does not reveal unnecessary duplication nor overstaffing by higher-paid partners.

Defendant complains that work on Count II was not adequately segregated. As previously explained, other than the time periods covered, the difference between the two counts is unclear. As to the examination of the payroll records of each plaintiff, it is represented that the only records specifically examined were those for the time period after June 30, 1999, that is, the payroll records pertinent to Count I. This court accepts plaintiffs' counsel's representation that understanding the fluctuating workweek provided for in the applicable collective bargaining agreement was also pertinent to Count I. Also accepted is counsel's representation that the 18 hours of work for which reimbursement is not requested were the only hours devoted solely to Count II. No further reduction for work on Count II will be made except that fees will not be awarded for .5 hours by Feinberg on October 11, 2000 for allocating between

---

974 F.2d 806, 812-13 (7th Cir. 1992), cert. denied, 507 U.S. 928 (1993).

Count I and Count II. While work preparing a fee petition is compensable, the allocation work would not have been necessary if Count II had not been brought. Therefore, such work should be allocated to Count II, not the compensation for Count I.

A total of one hour of Collins's time on March 13, 14, and 28 and May 19, 2000 and one hour of Feinberg's time on May 19, 2000 will not be reimbursed as excessive time determining the proper name of defendant (which still was incorrect), the appropriate person to serve, and to perfect service.[5]

Defendant does not object that the hourly rates are too high as a general matter. However, it contends that the attorneys did not always perform supervisory work that would justify the $250 hourly rate. Having examined the entire time records, it is found that the work performed was appropriate partner work efficiently performed at $250 per hour. The rates will not be reduced.

All the objections of defendant have been considered and the only adjustments that will be made are those set forth above. Fees will be awarded as follows:

---

[5] Since counsel's time records lump together various activities performed on particular days, doubt as to the amount of time spent on a particular task is resolved against counsel for failing to keep more detailed records.

| Attorney | Hours | Rate | Amount |
|---|---|---|---|
| Feinberg | 40.13 | 250.00 | $10,032.50 |
| Collins | 20.00 | 250.00 | 5,000.00 |
| Greenberg | 2.75 | 250.00 | 687.50 |
| Greenfield | 66.75 | 175.00 | 11,681.25 |
| Law Clerks | 7.75 | 50.00 | 387.50 |
| TOTAL | 137.38 | | $27,788.75 |

IT IS THEREFORE ORDERED that the Board of Education of the City of Chicago is substituted for defendant Chicago School Reform Board of Trustees and the Clerk of the Court is directed to accordingly amend the docket. Plaintiffs' petition for attorney fees and costs [19] is granted in part and denied in part. The Clerk of the Court is directed to enter judgment in favor of plaintiffs and against defendant in the amount of $28,298.62 representing attorney fees and costs.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: JUNE 13, 2001